UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEWIS, | No. 2:24-cv-00955 CKD |
| Plaintiff, | |
| v. | ORDER |
| HOME DEPOT, Inc., | |
| Defendant. | |

    Plaintiff Kenneth Lewis sues for personal injuries he allegedly sustained on January 31, 2023, when he rented a Skid Steer Loader ("tractor") from defendant Home Depot, Inc. to dig up dirt behind his home. The complaint alleges that, when the tractor got stuck in the mud, plaintiff called Home Depot, which sent an employee to help. The employee caused the tractor to unexpectedly jolt upward, and plaintiff struck his head on a metal rail, and suffered severe injuries. ECF No. 1 at 8. On February 23, 2024, plaintiff filed his complaint in the Sacramento County Superior Court, asserting a claim for negligence and noting that "the amount in controversy exceeds $75,000." Id. at 5, 8.

    On March 28, 2024, defendant removed this action to federal court based on diversity jurisdiction[1], noting that plaintiff was a California resident, defendant had its principal place of

---

[1] Generally, may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C.

1

business in Georgia, and the amount in controversy requirement was met. ECF No. 1 at 1-3. Both parties have consented to magistrate judge jurisdiction for all purposes pursuant to 28 U.S.C. 636(c)(1). ECF No. 9. Before the court are plaintiff's motion to remand (ECF No. 10) and motion to file an amended complaint (ECF No. 11). Defendant opposes both motions (ECF Nos. 13 & 14), and plaintiff has replied. ECF Nos. 15 & 16. The motions were submitted without argument on May 24, 2024. ECF No. 19. Plaintiff's two motions are related, in that he seeks to add defendants that would destroy diversity jurisdiction, such that remand would be appropriate. For the reasons below, the court will deny both motions.

I.   Motion to Amend

Plaintiff's proposed first amended complaint (ECF No. 11-8, hereinafter "FAC") adds a second named defendant, Compact Power Equipment, and an unnamed individual defendant ("Doe Employee").

The FAC alleges that Compact Power Equipment "is wholly owned by Home Depot U.S.A., Inc." Id., ¶ 5. This defendant is allegedly a DOE contractor whose logo was on the vehicle driven by the employee who came to help plaintiff. Id., ¶ 14. In opposition to amendment, Home Depot argues that joinder of Compact is invalid because, by January 31, 2023, Compact was no longer in business and fully owned by Home Depot, as the FAC acknowledges. ECF No. 13 at 4, 8. Defendant posits that the truck with the Compact logo was a holdover from several years ago, before Home Depot purchased Compact. Id. at 4.

The FAC alleges that Doe Employee "is an employee of Home Depot, U.S.A., Inc. and Plaintiff is informed and believes, is a California resident." Id., ¶ 6. Home Depot confirms that

---

§ 1441(a). The propriety of removal thus depends on whether the case originally could have been filed in federal court." City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). To establish diversity jurisdiction, the party asserting jurisdiction has the burden of showing that there is complete diversity between the parties and that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The diversity statute is strictly construed, and any doubts are resolved against finding jurisdiction. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)).

this person is a California resident.² ECF No. 13 at 2-3.  In opposition to amendment, Home Depot argues that, because this person was acting in the course and scope of his employment, he cannot be held personally liable, and joinder would merely serve to defeat diversity jurisdiction.  Thus, defendant argues, joinder of the non-diverse Doe defendant is improper.  In reply, plaintiff asserts that he does not seek to add Doe Employee for the improper "sole purpose" of destroying federal jurisdiction, but to recover against this person's insurance, with the added effect of necessitating remand.  ECF No. 16 at 3.

A.  Legal Standard

Ordinarily, under Rule 15, a party may amend a pleading once as a matter of course within twenty-one days after service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1)(B).  Under the removal statutes, however, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).

"While there is some disagreement among district courts in the Ninth Circuit as to whether an amendment of claims that destroys diversity should be analyzed under 28 U.S.C. § 1447(e) or the more permissive Rule 15(a), a clear majority of courts look to 28 U.S.C. § 1447(e)."  Bailey v. Ford Motor Company, et al., 2024 WL 4766209, *3 (E.D. Cal. Nov. 13, 2024) (collecting cases); see also Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011) (Ishii, J.) ("Plaintiffs may not circumvent 28 U.S.C. § 1447(e) by relying on [Rule 15] to join non-diverse parties." (citing Clinco v. Roberts, 41 F. Supp. 2d 1080, 1086 (C.D. Cal. 1999)).

The Ninth Circuit has stated that "the language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder."  Newcombe v. Adolf Coors Co., 157 F.3d 686 (9th Cir. 1998).  In this regard, the court has greater discretion in determining whether to allow an amendment to add a non-diverse party that would destroy existing, diversity jurisdiction, than it does under Rule 15.  Id. at 691.  The court may (1) deny joinder; or (2) permit joinder and remand the action to State court.  Id.

---

² At the time the motions were briefed, the parties had not engaged in formal discovery, and Doe Employee's identity had not been disclosed to plaintiff.

3

In determining whether to grant leave to amend under section 1447, the court considers the following six factors:

> (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as "needed for just adjudication";
>
> (2) whether the statute of limitations would preclude an original action against the new defendants in state court;
>
> (3) whether there has been unexplained delay in requesting joinder;
>
> (4) whether joinder is intended solely to defeat federal jurisdiction;
>
> (5) whether the claims against the new defendant appear valid; and
>
> (6) whether denial of joinder will prejudice the plaintiff.

Rosas v. NFI Industries, No. 2:21-cv-00046 WBS CKD, 2021 WL 1264921, *2 (E.D. Cal. April 6, 2021), citing Davis v. Tower Select Ins. Co., Inc., No. Civ S-12-1593 KJM-CKD, 2013 WL 127724, *2 (E.D. Cal. Jan. 9, 2013). "Any of these factors might prove decisive, and none is an absolutely necessary condition for joinder." Cruz v. Bank of N.Y. Mellon, 2012 WL 2838957, at *4 (N.D. Cal. July 10, 2012) (quotation marks omitted).

B. Analysis

1. Need for Joinder Under Rule 19(a)

"A party may be necessary under Rule 19(a) in three different ways." Salt River Project Agr. Imp. & Power Dist. v. Lee, 672 F.3d 1176, 1179 (9th Cir. 2012). "First, a person is necessary if, in his absence, the court cannot accord complete relief among existing parties." Id. (citing Fed. R. Civ. P. 19(a)(1)(A)). "Second, a person is necessary if he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest." Id. (citing Fed. R. Civ. P. 19(a)(1)(B)(i)). "Third, a person is necessary if he has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest." Id. (citing Fed. R. Civ. P. 19(a)(1)(B)(ii)). Although courts consider this standard in determining whether to permit joinder under § 1447(e), Rule 19(a) is stricter and more specific than § 1447(e). Reyes v. FCA US LLC, 2020 WL 7224286, at *4 (E.D. Cal. Dec. 8, 2020). The salient question for purposes of

§ 1447(e) is whether joinder will prevent separate and redundant actions. Taylor v. Honeywell Corp., No. 09-4947, 2010 WL 1881459, at *2 (N.D. Cal. May 10, 2010).

In McGrath v. Home Depot USA, Inc., 298 F.R.D. 601 (S.D. Cal. 2014), the plaintiff sued Home Depot over alleged safety hazards in its stores. After the case was removed to federal court, plaintiff filed an amended complaint naming three individual store managers as co-defendants, then sought remand based on lack of diversity. Applying Rule 19(a), the court found that plaintiff's

> allegations against the individual Defendants are brief and allege no basis for recovery against the individuals separate and apart from the relief sought against Home Depot USA, Inc. as the employer of the individual Defendants. In particular, the SAC contains no allegations of actions by the individual Defendants outside the scope of their employment[.]

Id. at 608. The court found that this factor weighed against joinder. Id.; see also Robinson v. Lowe's Home Centers, LLC, 2015 WL 13236883, *5 (E.D. Cal. Nov. 13, 2015) (first factor weighed against joinder of non-diverse Lowe's employees because any alleged liability for their actions were imputed to employer under doctrine of respondeat superior).

Here, while plaintiff's allegations concern the actions of a Home Depot employee, this person is not a necessary defendant, because

> [u]nder the doctrine of respondeat superior, an employer is vicariously liable for his employee's torts committed within the scope of the employment. This doctrine is based on the policy that losses caused by the torts of employees, which as a practical matter are sure to occur in the conduct of the employer's enterprise, are placed upon that enterprise itself, as a required cost of doing business. Furthermore, a plaintiff seeking to hold an employer liable for injuries caused by employees acting within the scope of their employment is not required to name or join the employees as defendants.

Calderon v. Lowe's Home Centers, LLC, 2015 3889289 (C.D. Cal. June 24, 2015) (finding non-diverse employee was not properly joined), citing Perez v. City of Huntington Park, 7 Cal. App. 4th 817, 820 (1992). Thus, the first factor weighs strongly against joinder of Doe Employee. Nor is Compact a necessary party, as it was wholly owned by Home Depot at all relevant times.

5

### 2. Statute of Limitations

Joinder is favored under the second factor if plaintiff would be time-barred from bringing a new action against the individual defendants by the statute of limitations. See Davis, 2013 WL 127724, at *2. Here, plaintiff does not argue that a new action against Compact and the Doe employee would be time-barred. As the alleged incident took place on January 31, 2023, California's two-year statute of limitations for negligence does not foreclose a new action against these defendants. See Cal. Civ. Proc. § 335.1. The second factor weighs against joinder.

### 3. Delay in Requesting Joinder

Plaintiff moved for leave to amend approximately two months after filing his original complaint and one month after the action was removed to this court. Several California district courts have held that if a plaintiff seeks leave to amend within a few months of the initial complaint or notice of removal, the delay is not unreasonable, provided the parties have not filed dispositive motions. See, e.g., Reyes, 2020 WL 7224286, at *6 (three months).

While plaintiff's delay is not unreasonable on its face, "under § 1447(e), [the] court has discretion to deny joinder of a party 'whose identity was ascertainable and thus could have been named in the first complaint.'" Calderon, 2015 WL 3889289, at *5 (quoting Murphy v. Am. Gen. Life Ins. Co., 74 F.Supp.3d 1267, 2015 WL 542786 (C.D. Cal. 2015)). Here, plaintiff could have named Doe Employee in his state complaint, as the FAC does not allege any new facts as to this defendant, but "simply seeks to name [the individual defendant] based on the same alleged conduct included in [his] original complaint." Rosas, 2021 WL 1264921, *4. Overall, this factor is neutral.

### 4. Whether Joinder is Intended to Defeat Diversity

The question of a plaintiff's intentions is "intertwined" with the validity of the proposed claims. Reyes, 2020 WL 7224286, citing Sabag v. FCA US, 2016 WL 6581154, at *5-6 (C.D. Cal. Nov. 7, 2016). In some cases, courts have permitted joinder as long as the plaintiff has alleged a valid claim, even when the plaintiff appeared to be primarily concerned with defeating diversity jurisdiction. Id. at *6–7. In other cases, courts have inferred an improper motive when the plaintiff's proposed amended complaint contained only minor or insignificant changes to the

original complaint. See Clinco, 41 F. Supp. 2d at 1083 n.2 (holding motive for joinder was to defeat federal jurisdiction where first amended complaint added one-sentence allegation to first cause of action and lightly altered sixth cause of action).

Here, the FAC adds no substantially new or different allegations to the original complaint; it merely adds two non-diverse defendants. Plaintiff asserts that joinder is not "solely" for the purpose of defeating federal jurisdiction, because the new defendants "are independently liable for their own acts, regardless of whether the principal is also liable, [and this] gives Plaintiff claims against them and their applicable insurance policies." ECF No. 16 at 2. While plaintiff cites cases for the general principle of agent liability, e.g., PMC, Inc. v. Kadisha, 78 Cal. App. 4th 1368, 1381 (2000), he cites no case applying this rationale to the Rule 19(a) analysis applicable here. In a similar case to this one, Rojas v. Sea World Parks & Entertainment, Inc., 538 F. Supp. 3d. 1008 (S.D. Cal. May 10, 2021), the plaintiff sought to add a Doe defendant who, in the course of his job at Sea World, allegedly crushed plaintiff's wrist with a metal lap bar. Despite plaintiff's argument that the Doe employee was personally liable for negligence, the court found "persuasive authority suggesting that the naming of an employee in such cases logically can only serve to destroy diversity." Id. at 1027-1028, citing Linnin v. Michielsens, 372 F. Supp. 2d 811, 823 (E.D. Va. 2005); see also Calderon, 2015 WL 3889289, at *4 ("Given the relative financial positions of most companies versus their employees, the only time an employee is going to be sued is when it serves a tactical legal purpose, like defeating diversity."). This factor weighs against joinder.

5. Validity of Claims

Under the fifth factor, the court examines whether plaintiff's claims against the new defendants "seem[ ] meritorious." Rosas, 2021 WL 1264921, at *4, citing IBC Aviation Services v. Compania Mexicana de Aviacion, 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000). The court evaluates the merit of plaintiff's claims under the standard for a Rule 12(b)(6) motion to dismiss set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, (2007) and Ashcroft v. Iqbal, 556 U.S. 662, (2009). Id., citing Davis, 2013 WL 1278724, at *4 (denying amendment to complaint finding "Davis' conclusory allegations, devoid of specific facts, would not survive a motion to

dismiss and the court must conclude that her claim has no merit"). Here, the FAC alleges that Doe Employee acted in violation of company policies and negligently caused injury to plaintiff. While brief, these allegations suffice to state a negligence claim. FAC, ¶¶ 19-20. The FAC fails to state a claim against Compact Power Equipment, however, as it merely alleges that the truck driven by DOE Employee displayed the logo of this entity, which was wholly owned by Home Depot. Id., ¶ 14. Overall, this factor is neutral.

      6. Prejudice to Plaintiff

A plaintiff will be prejudiced if the proposed defendant is "crucial" to the case, but not if the court can accord complete relief without the proposed defendant. Eguilos v. Volkswagon Group of America, 2022 WL 2713273, *5 (E.D. Cal. July 5, 2022), citing Reyes, 2020 WL 7224286, at *10. Here, the sixth factor "favors denial of plaintiff's motion because plaintiff has not shown that [he] will be prejudiced if [the non-diverse defendants] are not joined. As discussed above, plaintiff can ultimately obtain complete recovery on all of [his] claims . . . under the doctrine of respondeat superior." See Rosas, 2021 WL 1264921, at *6.

Because four of the six factors under 28 U.S.C. § 1447 weigh against joinder, with particular weight given to the first factor, the court will deny plaintiff's motion to amend.

    II.    Motion to Remand

Plaintiff's accompanying motion to remand (ECF No. 10) is based upon his ability to proceed on the FAC, as joinder of the non-diverse defendants would destroy federal subject matter jurisdiction. Because plaintiff's motion to amend is denied for the above reasons, the court will deny the remand motion also. See Eguilos, 2022 WL 2713273 at *1 (same).

////
////
////
////
////
////
////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand (ECF No. 10) is denied;
2. Plaintiff's motion to file first amended complaint (ECF No. 11) is denied;
3. Defendant shall answer the original complaint no later than thirty (30) days from the date of this order.

Dated: December 11, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/lewis0855.ord.remand