ZACHARY S. TOLSON, ESQUIRE - State Bar #242824
MARYSIA S. OKREGLAK, ESQUIRE - State Bar #199148
GOODMAN NEUMAN HAMILTON LLP
100 Bush Street, Suite 1800
San Francisco, California 94104
Telephone:  (415) 705-0400
Facsimile:  (415) 705-0411

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

GREYSON GOODY, ESQUIRE - State Bar #292527
JACOB ARMSTRONG, ESQUIRE - State Bar #339480
GOODY LAW GROUP, LLP
58 Malaga Cove Plaza
Palos Verdes Estates, California 90274
Telephone:  (310) 893-1963
Facsimile:  (424) 427-6811

Attorneys for Plaintiff
KENNETH LEWIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEWIS,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>HOME DEPOT, INC.; ET AL,<br><br>　　　　　　　Defendants. | Case No. 2:24-CV-00955-CKD<br><br>**STIPULATION TO MODIFY AND CLARIFY SCHEDULING ORDER; AND PROPOSED ORDER**<br><br>Judge:  The Honorable Carolyn K. Delaney |

　　　　Pursuant to Local Rule 143, Plaintiff KENNETH LEWIS and Defendant HOME DEPOT U.S.A., INC. (collectively "the Parties") hereby stipulate and request the Court to order that the Pretrial Scheduling Order entered on February 24, 2025 (Doc. 22) be modified by extending discovery deadlines and clarified to include expert disclosure deadlines.  The Parties have not requested any modification to or clarifications of the Pretrial Scheduling Order previously.

-1-
STIPULATION TO MODIFY AND CLARIFY SCHEDULING ORDER; AND PROPOSED ORDER

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir 1992). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson, supra*, 975 F.2d at 607).

On February 24, 2025, the Court issued its Pretrial Scheduling Order setting the following deadlines:

Completion of Non-Expert Discovery…………………………….October 27, 2025

Completion of Expert Discovery……………………………….January 14, 2026

Completion of all law and motion
(other than discovery motions)……………………………..February 18, 2026

By this Stipulation the Parties agree that circumstances have arisen, and discovery has been delayed through no fault of the parties to justify the continuance of the non-expert discovery deadline by four (4) months. Furthermore, the Parties agree that deadlines should be set for Rule 26 disclosure of experts, Rule 26 disclosure of rebuttal experts, and extension of the completion of expert discovery by four (4) months to allow for the completion of independent medical examinations to which the Parties have stipulated as set forth more fully herein.

**Grounds to Extend Deadlines for Completion of Non-Expert and Expert Discovery**

The Parties hereby stipulate and agree to a short continuance of the non-expert discovery deadline of October 27, 2025, and the completion of expert discovery deadline of January 14, 2026, because additional discovery is necessary. The parties are requesting to move the completion of discovery deadlines by four months due to the discovery issues discussed below. The Parties timely served initial disclosures and engaged in written discovery and produced documents, which resulted in issuance of

subpoenas to third party medical providers and employers.  Subpoenas to third party medical providers have been delayed and are anticipated to be produced in the next 30-60 days.  The parties will meet and confer on dates for depositions of Home Depot employees and "persons most knowledgeable", which will be scheduled shortly.  The parties have worked amicably to resolve issues and meet and confer on discovery issues.

On August 12, 2025, Plaintiff was deposed.  At that time, Plaintiff identified employers and sources of income not identified in discovery or initial disclosures, which will necessitate supplemental disclosures and subpoenas.  Furthermore, he testified that he continues to suffer from ongoing physical and mental complaints associated with his claimed Traumatic Brain Injury and orthopedic injuries. As set forth in his responses to written discovery, Plaintiff also intends to produce financial records of past income to substantiate his lost income claim.

Both Parties agree that independent medical examinations are necessary, including an orthopedic examination, neurological examination and neuropsychological examination.  Plaintiff's counsel has agreed to produce Plaintiff for the examinations.  The parties will meet and confer to obtain dates for the examinations to occur in late September or early to mid-October, which will allow Home Depot time to receive outstanding medical and employment records, and allow the doctors sufficient time to obtain and review medical records, conduct examinations and issue reports.

Based on the above, the Parties agree to and request a brief continuance of four (4) months for the completion of non-expert discovery and expert discovery as follows:

Completion of Non-Expert Discovery…………………………February 27, 2026
Completion of Expert Discovery……………………………………May 14, 2026

///
///
///
///

-3-
STIPULATION TO MODIFY AND CLARIFY SCHEDULING ORDER; AND PROPOSED ORDER

**Grounds to Clarify Order and Set Expert Disclosure Deadlines**

In the Court's February 24, 2025, Pretrial Scheduling Order, no trial date was set by the Court. However, the Court did schedule a deadline to complete expert discovery. With regard to expert disclosure deadlines, the Court advised the parties to comply with Federal Rule of Civil Procedure 26(a)(2) for initial disclosure and Federal Rule of Civil Procedure 26(a)(2) for rebuttal expert disclosure.  An ambiguity has arisen in the interpretation of this Court's Scheduling Order.  Federal Rule of Civil Procedure 26(a)(2)(D)(i) ties the deadline of disclosure of experts to the trial date (i.e., at least 90 days before the date set for trial).  No trial date is set yet the Court has scheduled a date for completion of expert discovery.  Therefore, by this Stipulation, the parties would like to clarify and modify the Court's Pretrial Scheduling Order as follows:

Deadline for Plaintiff's Rule 26(a)(2)(B) Disclosures……….. February 15, 2026

Deadline for Defendant's Rule 26(a)(2)(B) Disclosures………March 1, 2026

Deadline for Rebuttal Expert Disclosures……………….….April 1, 2026

Expert Discovery Cutoff……………………………………May 14, 2026

The delays set forth above, through no fault of counsel or the parties, necessitate a short continuance of expert discovery and discovery cut-off dates.   Given the current discovery deadlines as indicated above, the time remaining is insufficient for medical and employment records to be subpoenaed and received, for the examinations to occur and for the doctors to review records and issue their reports.  To ensure a fair and efficient pretrial process, the parties have conferred and agreed to modify the scheduling order to allow additional time for discovery. This extension will facilitate the completion of discovery and promote the interests of justice.

///

///

///

///

Wherefore the Parties stipulate to the following *amended* discovery deadlines and setting expert disclosure deadlines prior to close of expert discovery:

Deadline for Plaintiff's Rule 26(a)(2)(B) Disclosures………........February 15, 2026

Completion of Non-Expert Discovery…………………………..February 27, 2026

Deadline for Defendant's Rule 26(a)(2)(B) Disclosures……………March 1, 2026

Deadline for Rebuttal Expert Disclosures……………………..……April 1, 2026

Completion of Expert Discovery……………………………………May 14, 2026

DATED: August 26, 2025          GOODMAN NEUMAN HAMILTON LLP


By:   */s/ Marysia Okreglak*
    ZACHARY S. TOLSON
    MARYSIA S. OKREGLAK
    Attorneys for Defendant
    HOME DEPOT U.S.A., INC.


DATED: August 26, 2025          GOODY LAW GROUP, LLC


By:   */s/ Greyson Goody*
    GREYSON GOODY
    JACOB ARMSTRONG
    Attorneys for Plaintiff
    KENNETH LEWIS

Goodman Neuman Hamilton LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

# **ORDER (MODIFIED)**

The Court has reviewed the Stipulation of the parties above to Modify the Pretrial Scheduling Order. Pursuant to the parties' Joint Stipulation and good cause appearing, the Pretrial Scheduling Oder in this matter (Doc. 22) is amended as follows:

Deadline for Plaintiff's Rule 26(a)(2)(B) Disclosures……….......February 15, 2026

Completion of Non-Expert Discovery…………………………..February 27, 2026

Deadline for Defendant's Rule 26(a)(2)(B) Disclosures……………March 1, 2026

Deadline for Rebuttal Expert Disclosures……………….………..….April 1, 2026

Completion of Expert Discovery……………………………………May 14, 2026

**Completion of all law and motion**

**(other than discovery motions)…………………………….…..June 18, 2026**

**IT IS SO ORDERED.**

Dated:  August 26, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Goodman Neuman Hamilton LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

-6-
STIPULATION TO MODIFY AND CLARIFY SCHEDULING ORDER; AND PROPOSED ORDER